April 20, 2020

FILED
JEANNE A. NAUGHTON, CLERK
MAY 06 2020
U.S. BANKRUPTCY COURT
BY _____ CAMDEN, N.J.
_____ DEPUTY

District Court of New Jersey
Office of the Clerk
401 Market Street
Camden New Jersey 08102

Re: Cornelius Stephens, Debtor, Case No. 20-14850 (ABA)

Enclosed, please find Notice of Compliance and Intent to Cure Pre-Petition Judgment for Possession Pursuant to Bankruptcy Code Sec. 362(b)(22) and 362(l), entered by the Clerk of the U.S. Bankruptcy Court for the Eastern District of New York.

Very truly yours,

Cornelius Stephens, Debtor
33 Main St
Pennsville, NJ 08070
856-275-4731

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Cornelius Stephens** | Social Security number or ITIN  xxx–xx–2748 |
| | First Name    Middle Name    Last Name | EIN  __–_____ |
| Debtor 2 (Spouse, if filing) | _____ | Social Security number or ITIN  ____ |
| | First Name    Middle Name    Last Name | EIN  __–_____ |
| United States Bankruptcy Court | **Eastern District of New York** | Date case filed for chapter  **13**  **2/13/20** |
| Case number: | 1–20–40911–cec | |

# NOTICE OF COMPLIANCE and
# INTENT TO CURE PRE–PETITION JUDGMENT FOR POSSESSION
# PURSUANT TO BANKRUPTCY CODE § 362(b)(22) and 362(l)

JEANNE A. FILED
NAUGHTON, CLERK
MAY 6 2020
BY _____
BANKRUPTCY COURT
CAMDEN, N.J.

**NOTICE IS HEREBY GIVEN THAT** the debtor(s), Cornelius Stephens (hereinafter referred to as the debtor(s)), of 33 Main Street Pennsville, NJ 08070, filed for bankruptcy relief under Chapter 13 of the Bankruptcy Code on February 13, 2020.

At the time of filing, the debtor's voluntary petition included a certification under section 11 entitled, "Do you rent your residence?" and attached the **Initial Statement About an Eviction Judgment Against You (Form 101A)** (the "Initial Statement") listing CastleRock 2017 LLC of West, 33 Westchester Ave, Ste #2100 White Plains, NY 10604 (hereinafter referred to as the lessor) as the lessor/landlord of the premises in which the debtor resides under a lease or rental agreement. The debtor certified that such lessor obtained a judgment for possession with respect to the premises.

The debtor has complied with Section 362(l)(1) of the Bankruptcy Code and Administrative Order No. 644, in that the debtor has delivered to the Clerk of Court ("Clerk"), together with the petition (or within one day of the filing, if the petition is filed electronically), a certified or cashier's check or money order, **made payable to the lessor,** in the amount of $ 789.76 which the debtor certifies is the amount of rent that is to become due during the 30–day period after the filing of the petition ("Rent Check").

Under these circumstances, the debtor may not be evicted for a period of up to 30 days from the date that the debtor filed for bankruptcy, **unless** the lessor files an objection to the debtor's Initial Statement and the Court determines that the Initial Statement is not true. If the lessor files an objection to the Initial Statement, the Court will hold a hearing and will notify the debtor and the lessor of the hearing by mail. The debtor and the lessor must attend the hearing if one is scheduled.

In order for the debtor(s) to obtain a further stay of eviction beyond the 30–day period mentioned above, the debtor(s), within the first 30 days after the filing of the petition, must do the following: (1) pay directly to the lessor all money due under the judgment for possession, and (2) after making full payment, file with the Clerk, and serve on the lessor, a certification by completing the **Statement About Payment of an Eviction Judgment Against You (Form 101B),** (the "Second Statement") in which the debtor certifies that the entire monetary default that gave rise to the judgment for possession was cured under applicable non–bankruptcy law.

The lessor may object to the Second Statement and upon such objection, the Court will hold a hearing to determine if the Second Statement is not true. The Court will notify the debtor and the lessor of the hearing by mail. The debtor and the lessor must attend the hearing if one is scheduled.

**The lessor should complete the attached form and return it to the Clerk within 14 days of the date of this notice**

FEB 14 2020

PREPARED BY THE COURT

SUPERIOR COURT OF NEW JERSEY
SALEM COUNTY SPECIAL CIVIL PART

---

CASTLEROCK 2017 LLC,

    Plaintiff

v

CORNELIUS STEPHENS, *et al.*

---

SUPERIOR COURT OF NEW JERSEY
SALEM COUNTY
LAW DIVISION – SPECIAL CIVIL PART

DOCKET NO: LT-968-19

CIVIL ACTION

ORDER

THIS MATTER having been brought before the Court upon the application of Cornelius Stephens, who has submitted evidence of a bankruptcy filing and certification pursuant to 11 USC § 36.2(l), and for other good cause shown;

IT IS ORDERED on this 14th day of February, 2020 that the eviction proceedings shall be stayed and the matter dismissed without prejudice. Landlord may move to reinstate the proceedings upon evidence of dismissal of the bankruptcy proceedings or tenant's failure to comply with 11 USC § 36.2(l) or other law.

                                                    _____
                                                    Jean S. Chetney, JSC