UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1**

Cornelius Stephens
33 Main Street
Pennsville, NJ 08070
csbankruptcy2020@gmail.com
Direct 215-960-2509

Debtor,

Cornelius Stephens,

Plaintiff,

v.

Chextop of America, Inc., Paychex Business Solutions, LLC, Mid-Atlantic States Career and education Center, Inc., Stephen Z. Deinlein, Esq., Matthew P. Donelson, Esq.,

Defendants

Case No: 20-14850 ABA

Adv. Proc. No:

**COMPLAINT**

11 U.S.C. sec. 362(k)

FILED
JEANNE A. NAUGHTON, CLERK
JAN 22 2024
U.S. BANKRUPTCY COURT
CAMDEN, N.J.
BY_____DEPUTY

1.

**INTRODUCTION**

Prior to filing this lawsuit, plaintiff repeatedly gave defendants notice of bankruptcy and asked defendants to not garnish his wages.

2.

Plaintiff has a right to be free from unwanted collection efforts and threats during his bankruptcy which threatens the equitable value of his estate.

**COMPLAINT** – Page 1 of 6

3.

Defendants' willful and deliberate violation of the automatic stay caused plaintiff sleepless nights, upset stomach and other significant emotional harm distinct from the inherent stress of the normal bankruptcy processes.

4.

**JURISDICTION**

This Court had jurisdiction under 28 U.S.C. sec. 1334 because the automatic stay arises under Title 11.

5.

Plaintiff Cornelius Stephens filed Chapter 13 Bankruptcy in case number 20-14850-ABA In the District of New Jersey on February 20, 2020.

6.

Defendant, Chextop of America, Inc is a Pennsylvania Incorporated company and its Maryland registered agent is Mike Hower (Michael R Hower) Located at 1400 Larch Rd, Severn, MD 21144.

7.

Defendant, Paychex Business Solutions, LLC is a New York company and its New York registered agent is C T Corporation System located at 28 Liberty St, New York, NY 10005.

8.

Defendant, Mid-Atlantic States Career and Education Center, Inc is a New Jersey company and its New Jersey registered agent is H. Glen Donelson, 30 Church Street, Pennsville, NJ 08070.

**COMPLAINT** – Page 2 of 6

9.

Defendant, Stephen Z. Deinlein, Esq., Attorney for Defendant, Chextop of America, Inc., is a Maryland attorney and whose principal place of business is located at 34 South main St., Bel Air, MD 21014, c/o P.O. Box 507, Jarrettsville, ND 21048.

10.

Defendant, Matthew P. Donelson, Esq., Attorney for Mid-Atlantic States Career and Education Center, is a Delaware attorney and is employed by Eluzufon Austin & Mondell, P.A., Whose principal place of business is located at 300 Delaware Avenue, Suite 1700, P.O. Box 1630, Wilmington, DE 19899.

11.

## NATURE OF CLAIM

Plaintiff's automatic stay is a core proceeding under 28 U.S.C. sec. 157(b)(2) and plaintiff consents to entry of final orders and judgments by the Bankruptcy Court, District of New Jersey in the adversary proceeding.

12.

## FACTUAL ALLEGATIONS

This complaint's allegations are based on personal knowledge as to plaintiff's conduct and made on information and belief as to the acts of others.

13.

Defendants received actual notice of the automatic stay and this court's order dated April 22, 2020, in plaintiff's case from the plaintiff multiple times, including mail, fax, and email.

14.

After receiving actual notice of the automatic stay and this court's order dated April 22, 2020, defendants intentionally disregarded notice of automatic stay and this court's order and proceeded with collection efforts and garnishment of plaintiff's wages.

15.

The defendant's conduct as alleged above caused plaintiff sleepless nights, upset stomach, and other significant emotional harm distinct from the inherent stress of the normal bankruptcy processes.

16.

The bankruptcy notice provided to the defendants warned that violating the automatic stay could subject it to penalties.

17.

Defendants' conduct as alleged above was in pursuit of profit, and constituted a wanton, outrageous and oppressive violation of plaintiff's rights to be free from collection activities during bankruptcy.

18.

## CAUSE OF ACTION

## (11 U.S.C. sec. 362(k))

Plaintiff incorporates the allegations above by reference.

19.

Defendants' violation of 11 U.S.C. sec. 362(a)(6) al alleged above was "willful" as that term is defined in the Third Circuit because its conduct was intentional, it had prior actual

**COMPLAINT** – Page 4 of 6

knowledge of the automatic stay from multiple sources, tis conduct was unreasonable, and any alleged mistake of law was not a defense.

20.

Under 11 U.S.C. sec. 362(k), plaintiff is entitled to compensation for actual damages, proportional punitive damages, and damages for emotional stress from defendants in amounts to be decided by the Court.

21.

**PRAYER FOR RELIEF**

After a stipulation or determination that defendants willfully violated the automatic stay, plaintiff seeks relief as follows:

A. **Money Judgment** in favor of plaintiff against defendants Chextop of America, Inc., Paychex Business Solutions, LLC, Mid-Atlantic States Career and Education Center, Inc. for actual damages, punitive damages, and damages for emotional stress.

B. **Money Judgment** and **Sanction** against defendant Stephen Z. Deinlein, Esq., for failing in his duty to notify Mid-Atlantic States Career and Education Center, Inc., to not comply with Writ of Garnishment after serving the company with Writ of Garnishment and being notified of bankruptcy automatic stay.

C. **Money Judgment** and **Sanction** against defendant, Matthew P. Donelson, Esq., for advising his client Mid-Atlantic States Career and Education Center, Inc., to comply with Writ of Garnishment and not comply with notice of bankruptcy automatic stay and this Court's order dated April 22, 2020.

Plaintiff also seeks any equitable relief this Court may determine is fair. Plaintiff may intend to

**COMPLAINT** – Page 5 of 6

amend this complaint to include additional claims as new information about defendants' violation of the automatic stay is learned through discovery.

January 16. 2023.

RESPECTFULLY FILED,

*[signature]*

Cornelius Stephens, Debtor
33 Main Street
Pennsville, NJ 08070
csbankruptcy2020@gmail.com
Direct 215-960-2509

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Cornelius Stephens<br>*FILED JEANNE A. NAUGHTON, CLERK JAN 22 2024 U.S. BANKRUPTCY COURT CAMDEN, N.J. BY ____ DEPUTY* | **DEFENDANTS** Chextop of America, Inc., Paychex Business Solutions, LLC, Mid-Atlantic States Career and education Center, Inc., Stephen Z. Deinlein, Esq., Matthew P. Donelson, Esq. |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Cornelius Stephens | **ATTORNEYS** (If Known)<br>Stephen Z. Deinlein, Esq.,<br>Matthew P. Donelson, Esq., |
| **PARTY** (Check One Box Only)<br>☑ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☑ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Defendants' violation of 11 U.S.C. sec. 362(a)(6), automatic stay, was "willful" as that term is defined in the Third Circuit because its conduct was intentional, it had prior actual knowledge of the automatic stay from multiple sources, its conduct was unreasonable, and any alleged mistake of law is not a defense.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☑ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☑ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☑ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☑ Check if a jury trial is demanded in complaint | Demand $927.14 actual damages |

**Other Relief Sought**

Money Judgment of $5,000 punitive damages, $20,000 emotional stress, and sanctions of attorneys.

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Cornelius Stephens | BANKRUPTCY CASE NO.<br>20-14850 | | |
| DISTRICT IN WHICH CASE IS PENDING<br>District of New Jersey | DIVISION OFFICE<br>Camden | NAME OF JUDGE<br>Andrew B. Altenburg | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*[signature]* | | | |
| DATE<br>January 16, 2024 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Cornelius Stephens | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

*Bankruptcy Clerk* (signature, rotated)